The opinion of the Court was delivered by
Wardlaw, J.
The indictment introduces the libel thus— “ did write a certain false, malicious and defamatory libel, of and concerning the said Ezekiel Keels, which said false, malicious and defamatory libel is of the following purport and effect, that is to say” — and then sets out, within inverted commas, what the evidence showed to be an exact copy of the libel. A motion in arrest of judgment is made upon the ground, amongst others, that the indictment does not profess to set out the libel in hcec verba.
This Court has struggled to resist the motion, for it perceives that the defendant has suffered nothing from disregard of the rule which he invokes, and that the rule is liable to be abused by defendants, who avail themselves of trifling inaccuracies in transcribing of papers which a pleader undertakes to set forth ad tenorem. But established forms should not be changed upon slight considerations. A settled rule, however its operation in *388 a particular case may be regretted, must be preserved with a view to its usefulness in other cases : and a violation, harmless in its consequences, indulged now, might lead to mischievous violations hereafter.
Whenever a charge, either civil or criminal, is brought against a defendant, arising out of the publication of a written instrument, the rule is, that the declaration or indictment must profess to show the instrument itself. (Wright vs. Clements, 3 B. & Al. 503; Rex vs. Bear, 2 Salk. 417; 1 Ld. Raym. 415.) Some exceptions have been admitted, as where the instrument is in the possession of the defendant, or has been lost, or is grossly indecent, or is long and contains irrelevant passages, but in this case no ground of exception has been suggested. Admitting the rule the solicitor has endeavored to bring the case within it.
He has contended, and properly, that the words, to the tenor, are never indispensable. Any other phrase, as, in the words following, to wit, which professes that the very words of the instrument have been shown, will serve. But does the phrase, “ of the following purport and effect, that is to say,” so profess ? In popular language,- neither tenor nor purport is understood to mean a copy, but in the law, according to its use in pleading from time immemorial, tenor has acquired a technical signification, and implies a transcript or exact copy: — whilst purport, less frequently used and less precisely defined, has not been held to mean more than the substance as it appears on the face of the instrument — the professed import. (Gilchrist's case, 2 Leach, 757; King vs. Wilkes, 4 Burr. 2527.) Purport differs from substance, standing by itself, somewhat as form differs from matter; but still purport falls short of tenor. It conveys the idea of meaning disclosed by the instrument itself independent of other evidence, but still of meaning, and not of the very words — of meaning rendered substantially and not literally.
Purport alone does not then answer the requisition of the ■ rule — even less do purport and effect conjoined.
When the pleading professes to set forth the very words, the defendant may admit the allegation and take the opinion of the *389 Court, whether the charge arises out of the instrument set forth; but when the pleading professes to set forth only the meaning, import, purport, substance, or effect of the instrument, a meaning different from the true one may be imputed, and evidence must be heard, before any opinion can be formed. Even although the whole instrument may have been exactly copied, the record does not show that this has been done. The opinion of the Court upon the true meaning may be influenced by a verdict against the defendant. Precision and exactness of statement are disregarded ; and the danger is encountered of departing from a rule, which has been long established, and which perhaps rests upon reasons, that its overthrow would discover, even more important than those now in view.
The commas, which usually mark a quotation, afford too slight and uncertain an indication of a purpose to transcribe exactly, to have received much attention in cases like this. They could not be relied on to control such previous intimation of a contrary purpose, as is given by the words purport and effect.
No mere rejection of words from this indictment could make it profess plainly to set out the libel in hcec verba. He wrote a libel, that is to say, might do so doubtfully and unskilfully; but it would not be admissible to reject as surplusage from a sentence, words which so essentially affect the meaning as in this case do the words, “ which said false, scandalous, malicious and defamatory libel is of the following purport and effect.”
This indictment has been copied from No. 220 of the precedents contained in a publication made by Mr. Davis, late Solicitor General of Massachusetts. The cases he has referred to in his appendix, (p. 290,) do not authorize the change which he has ventured to make from tenor to purport. He has been followed by Mr. Wharton, in American Criminal Law, p. 545-9 ; but this and similar precedents of his have been lately held insufficient in the Courts of his own State; (1 Cushing 46, 66.)
The ancient rule was very emphatically declared by this Court only three years ago, in a case where a declaration con- *390 tamed the words, in substance as follows; (Bagley vs. Johnston, 4 Rich. 22,) and we could not consistently depart from it now, without holding that less strictness is required in a criminal charge than in a civil one, or attributing to purport a signification which it has not heretofore received.
Upon the other questions in this case the Court reserves its opinion.
The motion in arrest of judgment is granted.
O’Neall, Frost, Withers, Whitner and Glover, JJ., concurred.

Judgment arrested.